IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARIA ROSADO, et al., | : | |
| | : | |
| Plaintiffs, | : | CIVIL NO. 4:CV-03-535 |
| | : | |
| v. | : | (Judge Jones) |
| | : | |
| RICHARD KISSINGER, JR., et al., | : | |
| | : | |
| Defendants. | : | |

# ORDER #1

### January 24, 2007

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

Pending before the Court is a Motion for Leave to Amend ("Motion"), filed by Plaintiff Elizabeth Mitchell ("Plaintiff" or "Mitchell") on November 29, 2006. (Rec. Doc. 112). For the reasons that follow, the Motion will be granted.

**FACTUAL BACKGROUND/PROCEDURAL HISTORY:**

The factual background and procedural history of this case is well known to the parties. The following brief recitation of that history is sufficient for the purpose of reviewing the pending Motion.

On March 28, 2003, Plaintiff Maria Rosado ("Rosado") filed her first Complaint in this action. (Rec. Doc. 1). On January 9, 2004, Mitchell filed a similar Complaint, docketed with this Court at Civil No. 04-CV-42. Notably,

Mitchell's original Complaint named Defendant Marilyn Brooks ("Defendant Brooks") as a Defendant. On January 23, 2004, Rosado filed an Amended Complaint with leave of Court. (Rec. Doc. 51). The two cases were consolidated at Civil No. 03-CV-535 on March 22, 2004.

On June 15, 2005, Defendant Brooks was named as an additional Defendant in this Civil No. 03-CV-535 action pursuant a stipulation among the parties. The stipulation was entered because when Mitchell and Rosado's cases were consolidated, three Defendants were inadvertently not merged into the Civil No. 03-CV-535 action.

In their current Complaints, Plaintiffs bring several § 1983 claims arising out of an incident that occurred on February 17, 2002, in which Defendant Kissinger apparently forced them to engage in sexual acts with one another. Plaintiffs claim that Defendant Kissinger violated their constitutional rights by forcing them to engage in such acts and that the remaining Defendants, current or former officials at the State Correctional Institution in Muncy, Pennsylvania ("SCI-Muncy"), demonstrated deliberate indifference to Plaintiffs' constitutional rights by acting and/or failing to act in a variety of ways both before and after February 17, 2002. Specifically, Rosado's Amended Complaint (doc. 51) alleges violations of the First, Eighth, and Fourteenth Amendments. Mitchell's Complaint, docketed at

Civil No. 04-CV-42, alleges violations of the Eighth and Fourteenth Amendments.

On November 29, 2006, Mitchell filed the instant Motion (doc. 111), seeking leave to amend her Complaint to include a retaliation claim against Defendant Brooks, the Deputy Superintendent for Security at SCI-Muncy until September 2001 and the Superintendent at the State Correctional Institution in Cambridge Springs ("SCI-Cambridge Springs") at all relevant times after September 2001.  (Rec. Doc. 111 at 3).

In her supporting brief, Mitchell argues that following her transfer to SCI-Cambridge Springs on January 7, 2003, Defendant Brooks retaliated against Mitchell as a result of her filing of the instant action.  (Rec. Doc. 11 at 7).  Mitchell asserts that such retaliatory actions include 1) her legal mail being opened outside of her presence despite its clear designation as such; 2) her attorney being denied visits and telephone calls; 3) receipt of a "bogus misconduct for lying about the sexual activity of a correctional officer;" 4) placement in the Restricted Housing Unit ("RHU"); and 5) repeated denials of parol.  (Rec. Doc. 111 at 7).  Mitchell further argues that because "Defendant Brooks has repeatedly thwarted" Mitchell's efforts to obtain information about the alleged retaliatory actions, Mitchell was not in receipt of discovery materials providing specific information about her potential retaliation claim until November 27, 2006.  (Rec. Doc. 111 at 8).

3

The Motion has been fully briefed by the parties, and is, therefore, ripe for disposition.

**STANDARD OF REVIEW:**

Pursuant to Federal Rule of Civil Procedure 15(a), "leave to amend shall be freely given when justice so requires."[1]  FED. R. CIV. P. 15(a).  According to the Third Circuit, leave to amend should be granted liberally; only in circumstances in which a "plaintiff's delay in seeking amendment is undue, made in bad faith, prejudicial to the opposing party, or [the amendment] fails to cure the jurisdictional defect," would a denial of leave to amend be properly entered.  Alvin v. Suzuki, 227 F.3d 107, 121 (3d Cir. 2000) (quoting Berkshire Fashions, Inc., M.V. Hauksan II, 954 F.2d 874, 886 (3d Cir. 1992)) (additional citations omitted).

In addition to the foregoing, leave to amend may be denied if amendment

---

[1] Federal Rule of Civil Procedure 15(a) provides:
   (a) Amendments.  A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served.  Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.  A party shall plead in response to an amended pleading within the time remaining for response to the original pleading or within 10 days after service of the amended pleading, whichever period may be the longer, unless the court otherwise orders.

would be futile.  Id. (citing Smith v. NCAA, 139 F.3d 180, 190 (3d Cir. 1998), rev'd on other grounds, 525 U.S. 459(1999)).  "An amendment is futile if the amended complaint would not survive a motion to dismiss for failure to state a claim upon which relief could be granted."  Id. (citing Berkshire Fashions, 954 F.2d at 886).

**DISCUSSION:**

In Mitchell's Brief in Support of the Motion, she argues that Defendant Brooks' reluctance to provide requested discovery materials delayed her receipt of specific information relating to her potential retaliation claim until November 27, 2006.  (Rec. Doc. 111 at 8).  Further, Plaintiff asserts that the retaliation claim that she seeks to add adequately states a claim upon which relief may be granted.  (Rec. Doc. 111 at 8-13).

In response, all Defendants except Kissinger ("Defendants") argue that the Court should deny Mitchell leave to amend her Complaint because the retaliation claim is barred by the statute of limitations and does not relate back, and because the proposed Amended Complaint (doc. 111, Exh. L) fails to state a claim upon which relief can be granted.  (Rec. Doc. 113-1).  Specifically, Defendants argue that Plaintiff's proposed Amended Complaint fails to state a claim because it does not allege any personal involvement by Defendant Brooks.  (Rec. Doc. 113-1 at

5

10-11).

We consider first Defendants' argument that Mitchell's retaliation claim is barred by the statute of limitations and does not relate back. Rule 15(c) of the Federal Rules of Civil Procedure provides: "[a]n amendment of a pleading relates back to the date of the original pleading when: . . . (2) the claim or defense asserted in the amended pleading arose out of the conduct, the transaction or occurrence set forth or attempted to be set forth in the original pleading . . . ." FED. R. CIV. P. 15(c)(2). Thus, we need not consider whether Mitchell's retaliation claim would be barred by the applicable statute of limitations if the claim relates back to the date of the original Complaint.

After thorough review and consideration of parties' arguments, we hold that Mitchell's retaliation claim relates back to the date of the original Complaint because it "arose out of the conduct, the transaction or occurrence set forth . . . in the original pleading . . . ." FED. R. CIV. P. 15(c)(2). We so hold because as Mitchell accurately asserts, "[t]he nature of the claim asserted in the proposed Amended Complaint, *i.e.* retaliation[,] in itself relates back to the initial facts of the original Complaint and cannot stand alone by its very nature." (Rec. Doc. 117 at 6). Indeed, Mitchell's filing of her initial Complaint on January 9, 2004, as a result of the events described therein, allegedly prompted all of Defendant Brooks'

allegedly retaliatory actions.

Upon consideration of Defendants' argument that Mitchell's proposed Amended Complaint fails to state a claim upon which relief may be granted, we find that this argument by Defendants also fails. As both parties aptly indicated, for a plaintiff to prevail on a retaliation claim, the plaintiff must show that: (1) "the conduct which led to the alleged retaliation was constitutionally protected;" (2) she suffered some "adverse action" at the hands of prison officials; and (3) "a causal link [exists] between the exercise of [her] constitutional rights and the adverse action taken against [her]." Rauser v. Horn, 241 F.3d 330, 333 (3d Cir. 2001). (Rec. Docs. 111 at 9; 113-1 at 11). Here, Mitchell's proposed Amended Complaint alleges a retaliation claim upon which relief may be granted because 1) she filed a civil rights lawsuit against SCI-Muncy officials, including Defendant Brooks, 2) she argues that at least five (5) retaliatory actions were taken by SCI-Cambridge Springs officials, and 3) she alleges that such actions were taken as a result of Mitchell's filing of the lawsuit.

Defendants' argument, that Mitchell's retaliation claim fails to state a claim upon which relief can be granted because the proposed Amended Complaint does allege personal involvement by Defendant Brooks, is unavailing. Although defendants in civil rights action must have been personally involved in the alleged

7

wrongs, such "[p]ersonal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). Mitchell has provided sufficient argument to demonstrate that she could present evidence that Defendant Brooks not only acquiesced in certain retaliatory actions, but that she was directly involved in at least some of them. (Rec. Doc. 117 at 8-11). For example, Mitchell cites a Memorandum from Defendant Brooks to Mitchell, dated January 24, 2004, indicating that Defendant Brooks reviewed the misconduct that Mitchell received for allegedly lying about the February 17, 2002 incident and upheld the decision. (Rec. Doc. 117 at 8-11). Notably, by January 24, 2004, Defendant Kissinger had already been criminally charged for the February 17, 2002 incident and terminated from SCI-Muncy.

Finally, our exposure to this case tends to confirm Mitchell's argument that Defendant Brooks has been reluctant to provide requested discovery materials. (Rec. Docs. 111 at 8; 108-09). Indeed, given that Mitchell apparently did not receive specific information relating to her retaliation claim until November 27, 2006 (doc. 111 at 8), the amendment requested at this time appears to be in no way sought in bad faith or for the purpose of delay.

Moreover, Defendants will not be unduly prejudiced by our granting

Mitchell leave to amend her Complaint. As Defendants themselves note, by at least April 6, 2004, they had notice that such a retaliation claim was possible. (See Rec. Doc. 113-1 at 4; Exh. I).

Accordingly, after a careful review of the record, and pursuant to FED. R. CIV. P. 15(a), we conclude that Mitchell's Motion for Leave to Amend Complaint (doc. 111) shall be granted.

**NOW, THEREFORE, IT IS ORDERED THAT:**

1. Plaintiff Mitchell's Motion for Leave to Amend the Complaint (doc. 111) is **GRANTED**.

2. The Clerk is directed to file the Amended Complaint in the form attached to Mitchell's Motion (doc. 111, Ex. L).

3. Defendants shall answer or otherwise respond to Mitchell's Amended Complaint in accordance with the Federal Rules of Civil Procedure.

s/ John E. Jones III
John E. Jones III
United States District Judge
